# Tennessee Coal, Iron & R. R. Co. *v.* Moody.

## *Injury to Servant.*

### (Decided April 22, 1915. 68 South. 274.)

1. *Master and Servant; Injury to Servant; Servants Unfit for Work.*—Where plaintiff knew that he was subject to epileptic fits and of the danger of falling into the hot iron while at work at a furnace of defendant, an order of defendant's superintendent to do certain work, in doing which he fell and was injured, was not negligence rendering the employer liable.

2. *Same; Assumption of Risk.*—Plaintiff assumed the risk when he undertook the work in which he was engaged and could not recover for the injury.

3. *Release; Liability; Effect.*—Where the only issue under the plea of accord and satisfaction was that of the acceptance by a plaintiff of the money as a satisfaction, the refusal of a charge for defendant as to the release being a bar to the action, was error.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Ben Moody against the Tennessee Coal, Iron & Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 2 as amended relies on the negligent order of one Dave Dermott, to whose orders and directions plaintiff was bound to conform, and did conform, resulting in the injuries complained of, that he negligently ordered plaintiff to break a hot runner. Count 3 as amended was a wanton count, based on the same allegations of negligence, with the addition that the order

was given with knowledge that plaintiff would be injured thereby probably, and with reckless disregard of the consequences. Plaintiff had been employed by defendant at its furnaces for about 19 years, and had had many years' practical experience in the work of breaking the metal after its run from the furnace into the sand. About October, 1911, he began having epileptic fits, and was laid off from work for two or three months. He was then employed to break the runway of molten cinders, which leave the furnace separately, or, as he expressed it, "to work the cinder fall." This was his daily or nightly task, which he was accustomed to perform as a matter of routine, with or without direct orders from his superiors, by 10 p. m. and 4 a. m. every night. On the occasion in question he was breaking the runway about 4 a. m., when he fell into a pit and was badly burned. He had been ordered by the superintendent from 30 to 45 minutes before this. Plaintiff's witnesses testified variously that his spells gave visible indications in conduct or appearance before the actual seizure, for 15, 30, and sometimes 40 minutes. The evidence shows nothing as to such indication at the time the order was given him. Plaintiff knew and understood his infirmity, and had consulted a physician and been treated by him. It does not appear that the superintendent had any knowledge of it, unless it was inferable from notoriety about the plant. Besides the general issue, there were special pleas of assumption of risk, and of accord and satisfaction, and a written instrument was put in proof, reciting the receipt of $182 in satisfaction of his claim against defendant, and releasing defendant from all further liability. Defendant requested affirmative charge, which was refused, and also requested in writing the following charges: "If you believe from the evidence that, at the

time plaintiff got work at defendant's furnace break-- ing runner, that he knew he was subject to fits, and that such a fit might cause him to fall into the hot iron, you must find for defendant. A man, laboring under any physical disability of which he has full knowledge, who accepts employment with another, cannot recover damages of that other in the event he sustains person- al injuries while in his employment, where such per- sonal injuries were directly caused by such physical disability. Even though you should find from the evi- dence that defendant through its employee knew that plaintiff was subject to fits, plaintiff cannot recover in this case, if you should find from the evidence that at the time he accepted such employment plaintiff also knew that he was subject to said fits, and of the dan- ger of his sustaining personal injuries while at work as a result of falling in such fit. If you believe from the evidence that plaintiff accepted from defendant a sum of money in settlement of any claim for damages which he might have against defendant on account of sustaining personal injuries while in its employment, your verdict must be for defendant regardless of any calculation by which it was arrived at."

PERCY, BENNERS & BURR, for appellant.

W. A. DENSON, for appellee.

SOMERVILLE, J.—The reported cases present only a few instances in which a servant has sought to re- cover from a master for injuries which have resulted primarily from the physical unfitness of the servant for the work which he had undertaken to do. As noted by Mr. Labatt: "The reason why recovery on this ground is so rarely sought is doubtless that, in the na-

ture of the case, the unfit servant is almost always aware of his unfitness. The effect of his knowledge is to bring the situation within the scope of the principle that, if a person of apparently full age and complete understanding undertakes certain duties, he is presumed to appreciate and accept the risk incident to those duties. Or, from another standpoint, he may be regarded as being guilty of contributory negligence in the undertaking of work for which he knows himself to be unfitted, especially where his culpability takes the form of an omission to inform the master of his unfitness."—1 Labatt on M. & S. § 180.

The author cites the case of *Crowley v. Appleton*, 148 Mass. 98, 18 N. E. 675, where, as here, the plaintiff was an epileptic and subject to fits, and sued for injuries received while serving in a place of peculiar danger. The trial judge instructed the jury that the plaintiff must show that he was subject to such fits; that he himself did not know it, that the defendant did know it, and that the defendant knew, or had cause to know, the plaintiff did not know anything about it, and refused an instruction making the defendant responsible if the plaintiff was ignorant of and the de-. fendant acquainted with the malady, without regard to the defendant's knowledge of the plaintiff's ignorance. On appeal it was held that the trial court did not err.

In the instant case, it might perhaps be justly affirmed, on the plaintiff's own showing that, with or without the order complained of, he would equally have undertaken his regular work on this occasion, with the same result, and hence that the order was not the proximate cause of his injury.—*M. & O. R. R. Co. v. George*, 94 Ala. 199, 10 South. 145; *B. F. & M. Co. v. Gross*, 97 Ala. 220, 226, 12 South. 36. But, conceding that

it was the defendant cannot be held responsible for that result. So far as their own safety is concerned, persons not under contractual disability should be, and are allowed to determine for themselves whether their physical infirmities, known to themselves, shall debar them from any particular employment. According to the nature and degree of their infirmities, they must be more or less exposed to dangers, naturally resulting from their attempt to serve, in almost any of the modern industries. It is no doubt a hard choice, but such persons must estimate for themselves the chances of injury, and it would be unjust as well as illogical to visit the consequences of their choice upon their employers. It may be a matter of delicacy as well as difficulty for the employer to undertake in each case to determine the nature and extent of the malady or infirmity of one who offers to work, or the likelihod of injury resulting therefrom; and we think the employer may, without liability, legal or moral, accept the judgment of a would-be servant who knows his own condition.

Nor would the imposition of liability upon the master in such cases be either politic or humane, even from the servant's point of view, since it would inevitably result in depriving of a livelihood many afflicted persons who have no choice but to labor, and who are impelled by expedience or necessity to choose the more lucrative, if more dangerous employment.

(1, 2) We approve the rule as affirmed by the Massachusetts court, and hold that the order in question was not negligent under the circumstances, and that plaintiff assumed the risk of injury when he undertook to do the work in which he was engaged.

It results that the special charges, and also the general affirmative charges, as requested by defendant,

[McKinney v. Darden.]

should have been given to the jury, and their refusal was error.

(3) If plaintiff accepted from defendant a sum of money in settlement of his claim for damages by reason of this injury, no matter how the amount was arrived at, he was not entitled to recover in this action. The only issue under the plea of accord and satisfaction being upon plaintiff's acceptance of the money as a satisfaction, defendant's requested charge, embodying the proposition stated, should have been given, and its refusal was error.

For the errors noted, the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.