129 So.2d 679

## A. T. BAYLES

v.

## LOUISVILLE & NASHVILLE RAILROAD COMPANY.

6 Div. 531.

Supreme Court of Alabama.

March 30, 1961.

Rehearing Denied May 18, 1961.

Lange, Simpson, Robinson & Somerville and Wm. L. Clark, Birmingham, for appellee.

Rives, Peterson, Pettus & Conway, Birmingham, for appellant.

190

LAWSON, Justice.

A. T. Bayles sued the Louisville & Nashville Railroad Company under the Federal Employers' Liability Act, 45 U.S.C., § 51 et seq., 45 U.S.C.A. § 51 et seq., claiming $65,000 as damages for injuries sustained while in the performance of his duties as a trainman.

The original complaint contained a single count, Count One, which was withdrawn by the plaintiff after he amended his complaint by adding Counts A and B. The defendant's demurrer was overruled as to Count A and sustained as to Count B.

The case went to the jury on plaintiff's Count A and the defendant's plea of the general issue in short by consent in the usual form. Count A was in substantially the same language as Count One, charging, in effect, that the plaintiff was caused to fall or be snatched or jerked from a moving railroad car due to negligence of officers, agents or employees of defendant or by reason of a defect or insufficiency due to negligence of defendant in its engines, track, roadbed, works, appliances or other equipment.

The jury returned a verdict in favor of the defendant. Judgment followed the verdict.

The plaintiff's motion for a new trial was overruled. He has appealed to this court.

The plaintiff contends that the trial court erred in sustaining the defendant's demurrer to Count B of the amended complaint.

It is a long standing rule of practice in this state to construe the allegations of a complaint most strongly against the plaintiff when tested by demurrer. Sims v. Callahan, 269 Ala. 216, 112 So.2d 776, and cases cited. But the Supreme Court of the United States has indicated its disapproval of the application of that rule in a FELA case. Brown v. Western Railway of Alabama, 338 U.S. 294, 70 S.Ct. 105, 94 L.Ed. 100.

We are of the opinion that Count B should be construed as charging that the plaintiff's injuries proximately resulted from the railroad's negligence in assigning the plaintiff to dangerous work when the railroad knew that plaintiff was physically unfit to engage in such work.

What constitutes negligence for the purposes of the Federal Employers' Liability Act is a federal question, not varying in accordance with the different conceptions of negligence applicable under state and local laws for other purposes. Federal decisional law formulating and applying the concept governs. Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282, 11 A.L.R.2d 252; Louisville & Nashville Railroad Company v. McElveen, 270 Ala. 600, 120 So.2d 884.

As far as we are advised there is no decision of the Supreme Court of the United States which deals directly with the sufficiency of a complaint in the language of Count B.

But the United States Court of Appeals for the Third Circuit has said that where a plaintiff can prove that management forced a sick employee, of whose illness they knew or should have known, into work for which he was unfitted because of his physical condition, a case is made out for the jury under the Federal Employers' Liability Act. Dunn v. Conemaugh & Black Lick Railroad, 3 Cir., 267 F.2d 571; Nuttall v. Reading Company, 3 Cir., 235 F.2d 546. See also Dunn v. Conemaugh & Black Lick Railroad, D.C., 162 F.Supp. 324, and Brown v. Pennsylvania Railroad Co., D.C., 179 F.Supp. 858.

The defense of assumption of risk in FELA cases was completely abolished by the 1939 Amendment. 53 Stat. 1404. In Tiller v. Atlantic Coast Line Railroad Company, 318 U.S. 54, 58, 63 S.Ct. 444, 446, 87 L.Ed. 610, 612, the Supreme Court of the United States said:

"*   *   * We hold that every vestige of the doctrine of assumption of risk was obliterated from the law by the 1939 amendment, and that Congress, by abolishing the defense of assumption of risk in that statute, did not mean to leave open the identical defense for the master by changing its name to 'non-negligence.' As this Court said in facing the hazy margin between negligence and assumption of risk as involved in the Safety Appliance Act of [March 2] 1893, [45 U.S.C.A. § 1], 'Unless great care be taken, the servant's rights will be sacrificed by simply charging him with assumption of the risk under another name;' and no such result can be permitted here."

See McGuigan v. Southern Pacific Co., 129 Cal.App.2d 482, 277 P.2d 444, where the judgment in favor of the plaintiff in a FELA case very similar to the instant case was upheld. See also McMillan v. Western Pacific Railroad Company, 54 Cal. 2d 841, 9 Cal.Rptr. 361, 357 P.2d 449.

The appellee, the defendant below, has placed considerable emphasis on our case of Tennessee Coal, Iron & R. R. Co. v. Moody, 192 Ala. 364, 68 So. 274, L.R.A. 1915E, 369. In that case the plaintiff was subject to epileptic seizures, and while performing his duties in accordance with instructions, he apparently suffered such a seizure and as a result thereof fell into a pit and was badly burned. His complaint charged that the defendant negligently ordered him to perform the task which he was performing at the time of seizure. The plaintiff recovered a judgment which was reversed on appeal. This court held that the order to the plaintiff was not negligent under the circumstances and that the plaintiff had assumed the risk of injury when he undertook to do the work in which he was engaged.

Of the Moody case, supra, it is sufficient to say that it was not a FELA case.

In view of the rule of the federal cases heretofore cited, we feel constrained to hold that the trial court erred in sustaining the demurrer to Count B of the amended complaint.

The appellee says that the error, if any, in sustaining the demurrer to Count B should not work a reversal because it would have been entitled to the affirmative charge as to that count. We cannot agree.

This court, in keeping with the decisions of the United States Supreme Court in cases brought under the Federal Employers' Liability Act, has held that the affirmative charge is properly given in favor of the defendant only when there is a complete absence of probative facts to support the plaintiff's claim of negligence on the part of the railroad. Louisville & Nashville Railroad Co. v. Cooke, 267 Ala. 424, 103 So.2d 791, and cases cited. We cannot say that of the facts in this case.

We do not deem it necessary to consider the other assignments of error which the appellant, the plaintiff below, has argued in his brief.

Because of the error indicated above, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.