MICHAEL MAHAN *vs.* WILLIAM J. SUTHERLAND and others.

Piscataquis.   Opinion January 12, 1882.

*Pleadings.   Demurrer.   Abatement.*

A mistake or omission of the place of residence of the defendants is only pleadable in abatement.   Jurisdiction where persons reside out of the State, is obtained by attachment of their property within the State and to the extent of the property attached.

When non-residents enter an appearance and demur, they thereby submit to the jurisdiction of the court.

When the form of writs as prescribed by c. 63, of the acts of 1821, is not followed, a part of the form being omitted, advantage is to be taken of the omission by plea in abatement.

A demurrer for a mere defect of form to avail the party demurring must be special.

ON EXCEPTIONS.

Assumpsit for labor in manufacturing slate and to enforce a lien on the same.

The writ was dated March 21, 1878, and entered at the September term, 1878.

At the September term, 1881, the defendants filed the following demurrer:

"And now the said Sutherland, Loring and Baker, come and defend the force and injury, when, &c. where, &c. and say that the said plaintiff as aforesaid ought not to have and maintain his action aforesaid thereof against them, because they say that the writ and declaration aforesaid and the matter therein contained are insufficient at law to have and maintain the action of the plaintiff against them, to which writ and declaration, they, the said Sutherland, Loring and Baker, have no necessity, nor are by the law of the land bound in any way to answer, and this they are ready to verify. Wherefore, for want of a sufficient writ and declaration in this behalf, they, the said Sutherland, Loring and Baker, pray judgment of the plaintiff's writ, and that the plaintiff may be barred from having his action thereof against them, and that they may be allowed their costs.

"By D. L. Savage, their attorney."

"And the said defendants, Sutherland, Loring and Baker, demur specially to the said plaintiff's writ and declaration, because :

"It is not alleged in said writ that a contract was made and entered into between the said plaintiff and the said defendants for the labor of the plaintiff for the defendants ;

"It is not alleged in said writ that the plaintiff labored for the defendants at the request of the defendants ;

"It is not alleged in said writ that the plaintiff labored for the defendants in consideration that the defendants would pay the said plaintiff for said labor ;

"It is not alleged in said writ that the plaintiff labored for the defendants at their request, and in consideration thereof, defendants became liable and promised plaintiff to pay him for said labor ;

"No promise is alleged in plaintiff's writ in consideration of labor performed by plaintiff for defendants ;

"It is not alleged in said writ that the action was commenced within thirty days after labor performed on the slate commanded to be attached in said writ, the action being to enforce a lien on the slate on which plaintiff claims to have labored;

"It is alleged in plaintiff's writ that the defendants are copartners in quarrying slate, and plaintiff claims to have labored in quarrying, mining and manufacturing slate for defendants;

"It is alleged in said writ that Sutherland, Loring and Baker, are copartners in quarrying slate under the name of Oakland Slate Quarry Company, and the account annexed to the writ sets out the work of plaintiff to have been done for Oakland Slate Company, instead of Oakland Slate Quarry Company;

"The said writ is not sealed;

"On inspection of said writ, no seal can be seen and read;

"The seal of this court is not on said writ so that on inspection it can be legally ascertained that it is the seal of this court.

"By D. L. Savage, their attorney."

The demurrer was overruled, and the defendants alleged exceptions.

The defects and omissions in the writ, as found by the court, are stated in the opinion.

*Henry Hudson,* for the plaintiff.

*D. L. Savage,* for the defendants.

In the commencement of actions each party should be designated by his name at full length with the name of the town and county in which he resides. 2 Stra. 889; 10 East. 83. The officer's return shows no service on these defendants, their residence is not named in the writ and the writ is not "in a plea of" anything, hence the court has no jurisdiction, as neither the person nor case can be understood.

The words "in a plea of—" are given in the form of writs prescribed by the statute. They form a matter of substance and when not inserted the defect is fatal and will abate the writ. Story's Pl. 24, and cases there cited; 5 Dane's Abr. c. 176, art. 9, § § 3, 4.

Either party may demur at any stage of the proceedings. R. S., c. 82, § 19.

APPLETON, C. J.   The defendants demurred specially to the plaintiff's declaration, which being adjudged good, they filed exceptions to such ruling.

1. The defendants are described as copartners and doing business in Monson under the name of the Oakland Slate Quarry Company.   The residence of the defendants is nowhere stated.   A mistake or omission of their place of residence is only pleadable in abatement and cannot be taken advantage of by demurrer whether general or special.

2. Jurisdiction, where persons reside out of the State, is obtained by attachment of their property within the State and only to the extent of such attachment.   In the case at bar, the defendants by appearing and demurring submit to the jurisdiction of the court.

3. The declaration sets forth a good cause of action.   It follows the words of the statute in claiming a lien for labor done in mining, quarrying and manufacturing roofing slate as given by R. S., c. 91, § 26.

4. The forms of writs are prescribed in c. 63 of the acts of 1821, and they have been continued by subsequent enactments to the present time.   In the form there given for a *capias* or attachment the defendant is required to answer to the plaintiff "in the plea of—."   The blank is to be filled in accordance with the nature of the action.   It is not so filled in the plaintiff's writ.   The nature of the action is nowhere stated, though what it is, is obvious from the declaration, which is in assumpsit and states a good cause of action, which the demurrer admits.

The omission is not specially assigned as a cause of demurrer. Had the defendant pleaded the general issue and a verdict been found in his favor it would not for that cause have been arrested. The variance is one as to form and is amendable by R. S., c. 82, § 9.

A special demurrer as to formal defects not specially assigned, is to be regarded as a general demurrer. *Tucker* v. *Randall*, 2

Mass. 283. The defect is one of form. It does not prevent the case from being fully understood. It is one of omission. It is not like the case where the declaration is not in accordance with the nature of the action adopted. "Whether the writ is good or not, no advantage" says SEDGEWICK, J., "can be taken of its defects under a demurrer to the declaration. If the defendant would object to the plaintiff's writ, he must do it by plea in abatement."

The omitted word is part of the form provided by statute. The omission should have been pleaded in abatement. The authorities cited in the defence show that a variance between the writ and the statutory form is to be taken advantage of by a plea in abatement. According to the form given in Story's Pleadings after the usual commencement, the defendant "prays judgment of the *writ* aforesaid, because he says that the writ aforesaid does not agree with the form of original writs in such case made and provided by the law of this commonwealth, because the said writ wants these words," (reciting them) &c. To the same effect is the law as stated in 5 Dane's Abr. c. 176, art. 9, § 4, where this plea was filed by James Otis for a variance between the writ and the established form. The constitution of Massachusetts requires that writs have the *teste* of the first justice of the court, who is not a party. In *Ripley* v. *Warren*, 2 Pick. 597, the writ did not bear the *teste* of the first justice of the court, who was not a party and a demurrer was filed and joined as in the present case. It was held that the objection was taken too late. PARKER, C. J., says, "that all dilatory pleas or those which amount only to an exception to the form of the process, are required to be exposed to the view of the court in the first instance, in order to save expense; and it is justly considered, that when the opportunity is passed, the party, who might have taken the advantage, has chosen to submit to an investigation of the merits of his cause, having waived the exceptions, which he might have taken. The books are full of cases to this effect and it is hardly necessary to cite them. . . All irregularities in process must be taken advantage of by motion or plea in abatement in the first stage of the process, as appears by the following

cases: *Gordon* v. *Valentine,* 16 Johns. Rep. 145; *Gilliland* v. *Morrell,* 1 Caines' Rep. 154; *Hart* v. *Weston,* 5 Burr. 2586." So a defect in the service is cured by pleading to the merits or by demurrer, *Richardson* v. *Rich,* 66 Maine, 249. The service of a writ by one not authorized to serve must be taken advantage of the first term, or the irregularity will be deemed to have been waived. *Smith* v. *Robinson,* 13 Met. 165.

If the variance were a matter to be taken advantage of by demurrer, it can only be done by a special demurrer. By § 1, 27 Eliz. c. 5, and 4 Anne c. 16, it is provided that the judges "shall give judgment according as the very right of the cause and matter in law shall appear unto them, without regarding any imperfection, omission, defect or want of form, except those only which the party demurring shall *specially* and particularly set down and express, together with his demurrer, as causes of the same." No mere matter of form can be objected to on general demurrer, but the objection must be specifically stated.

This objection being formal, advantage should have been taken of it by plea in abatement. It is not for the defendant to lie by for years and then spring a trap upon his adversary.

*Exceptions overruled.*

Barrows, Virgin, Peters, Libbey and Symonds, JJ., concurred.