## MICHAEL CROWLEY *vs.* ISAAC APPLETON.

Essex.   November 7, 1888. — November 28, 1888.

Present : MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Exceptions — Master and Servant — Negligence — Peculiar Danger — Evidence.*

A bill of exceptions, merely stating that a party offered to ask a witness a certain question and that the judge excluded it, without disclosing what reply was expected, or what was to be proved thereby, shows no ground of exception.

At the trial of an action to recover for personal injuries occasioned to the plaintiff, while in the defendant's employ, by being placed by him in a position of peculiar danger, there was evidence that the plaintiff was subject to epileptic fits and was ignorant of the fact.  The judge, after instructing the jury that the plaintiff must show that he was subject to such fits, that he did not know this, that the defendant did, and further that the defendant "knew or had cause to know the plaintiff did not know anything about it," amplified the last clause, stating that whether the defendant knew that the plaintiff was ignorant of his malady might be proved by circumstantial as well as by direct evidence.  The plaintiff excepted to this statement, and, without asking for any instruction as to the defendant's duty if only he "had cause to know" the plaintiff's ignorance, requested an instruction making the defendant responsible if the plaintiff was ignorant of and the defendant was acquainted with the malady, without

regard to the inquiry as to whether the defendant knew or had cause to know the plaintiff's ignorance. *Held,* that the instruction given was correct, and that requested was properly refused.

TORT for personal injuries occasioned to the plaintiff by the negligence of the defendant. Trial in the Superior Court, before *Brigham,* C. J., who allowed a bill of exceptions, in substance as follows.

There was evidence tending to prove that the plaintiff was subject to epileptic fits, in which he became unconscious; that the plaintiff was not aware and did not know that he was subject to said fits; that during the time he was subject to such fits he had worked for the defendant, who was a stone mason, in digging cellars and mixing mortar and similar work; that during this time the defendant knew that the plaintiff was subject to such fits; that the attacks would be so sudden as to cause the plaintiff without any premonitory symptoms to be instantly unconscious, and that he would fall; that upon the recovery of consciousness he would resume the work he was engaged in just prior to their attack; that upon one occasion, when the plaintiff's wife asked the defendant to give him work which was not dangerous, the defendant said that it was very singular that the plaintiff did not know that he had fits; and that subsequently the plaintiff, having been set to work by the defendant in mixing mortar, had a sudden attack of epilepsy, and fell into the mortar bed in an unconscious condition, receiving the injuries.

The plaintiff's counsel introduced testimony by medical experts, which was not contradicted, tending to show the condition of the plaintiff, — that one of the characteristics of this disease is that a person suffering from such fits would not have premonitory symptoms indicating the approach of an attack, that unconsciousness by the subject of such attacks that he had had them is an ordinary symptom of such attacks, and that they had made an examination of the plaintiff with a view of ascertaining whether he would be likely to understand that he had epileptic fits on the fact being communicated to him; and he offered to put to said experts the following question: " From your examination of the plaintiff, what do you say as to whether he is a man who could be convinced that he had epilepsy ? " This question was excluded by the judge, and the plaintiff excepted.

The judge, among other things, instructed the jury that, for the plaintiff to maintain his action, it was necessary for him to prove the four following propositions: 1st. That the plaintiff had said fits. 2d. That the plaintiff had no knowledge of said fits. 3d. That the defendant knew the plaintiff had said fits. 4th. That the defendant knew or had cause to know that the plaintiff did not know anything about it.

In more fully stating the fourth proposition, the judge proceeded as follows: " Are the two facts proved, — defendant's knowledge of plaintiff's malady, and of its character and effects, and also defendant's knowledge that plaintiff did not know that any such malady had affected him, or its effects upon him? As to the fact of defendant's knowledge of plaintiff's ignorance of his malady, that knowledge may be inferred from circumstances. Evidence is not necessary that defendant has admitted that he had such knowledge, or has said anything about it. The jury must find that defendant had such knowledge, but they may find that fact from the circumstances of the connection between plaintiff and defendant during the period when plaintiff was affected by said malady and was working for defendant."

The judge refused, as thereupon requested by the plaintiff, to instruct the jury as follows: " If the jury find that the plaintiff had no knowledge that he was subject to these falling fits, and the defendant had knowledge that the plaintiff had said fits, then the defendant was negligent if he allowed the plaintiff to work in such a place, where, if he should have a fit, he would be likely to fall and injure himself if he did not fully and carefully instruct the plaintiff of his danger, and if the defendant puts or keeps the plaintiff at work in such a place without such instruction it is at the defendant's risk."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*H. F. Hurlburt & S. A. Fuller*, for the plaintiff.

*H. P. Moulton*, for the defendant.

DEVENS, J. It was an important inquiry, in the case at bar, whether the plaintiff knew that he was liable to epileptic fits, and medical experts had been permitted to testify that unconsciousness on the part of the subject of such attacks that he had had them was one of their ordinary symptoms. The experts had

also testified that they had made an examination with a view of ascertaining whether the plaintiff would be likely to understand that he had these fits on the fact being communicated to him. The plaintiff's counsel then desired to put the question, " From your examination of the plaintiff, what do you say as to whether he is a man who could be convinced that he had epilepsy?" This question was excluded by the court, and to this the plaintiff excepted. Assuming that the answer would have been favorable to the plaintiff's contention, this question was properly excluded.

The witnesses were allowed apparently to testify fully as to all the characteristics and symptoms of the disease, to the extent to which the plaintiff was affected by it, and to any circumstances showing his condition as developed by their examination. To put the question whether he would be likely to understand that he had epilepsy, was to submit to the experts whether, so far as their examination went, the plaintiff's assertion that he did not know that he had epilepsy was likely to be true. The question whether such was the fact was for the jury, in the decision of which doubtless they could be largely aided by the testimony of experts as to the characteristics of the disease and its effect on the patient, but which they must decide for themselves. It should be observed that it does not appear what the answer of the witnesses on this point would have been, or what the plaintiff offered to prove by the evidence which was excluded by the court. The point that it is necessary that a bill of exceptions should show this has been so often determined that it hardly requires the citation of authorities to sustain it. *Warren* v. *Spencer Water Co.* 143 Mass. 155, 164.

In addition to other rulings not recited in the bill of exceptions, the court instructed the jury that it was necessary for the plaintiff to show that he was subject to fits, that he did not know this, that the defendant did, and further that the defendant " knew or had cause to know the plaintiff did not know anything about it." In amplifying the latter clause, the presiding judge called attention to the fact that the defendant's knowledge of the plaintiff's ignorance of the malady with which he was afflicted need not be proved by any direct evidence, as that he had admitted such knowledge, but might be inferred

from circumstances, as from his connection and acquaintance with the plaintiff while he was thus afflicted.

While in this more full statement, the only object of which, as it would seem, was to guard the jury against any inference that there must be direct evidence of the plaintiff's knowledge of the defendant's ignorance, no mention is made of the defendant's "having cause to know" the plaintiff's ignorance, yet what had been previously said of that is not in any way withdrawn. Nor do we perceive that it was in any way inconsistent therewith, and thus liable to produce confusion, as the plaintiff now contends. While he objected apparently to both the instruction as it originally appears and as amplified, he did not call attention to any inconsistency such as he now discovers in it, nor did he request any other instruction as to the duty of the defendant in case only that he "had cause to know" the plaintiff's ignorance. He requested an instruction in place of it, which would have made the defendant responsible if the plaintiff was ignorant of his malady and the defendant was acquainted with it, without regard to the inquiry whether the defendant either knew or had cause to know the plaintiff's ignorance of it. This request was properly refused.        *Exceptions overruled.*