WILLIAM R. FERGUSON *vs*. THE NATIONAL SHOEMAKERS.

Androscoggin. Opinion April 4, 1911.

*Pleading. Declaration. Duplicity.*

Under the established rules of pleading the plaintiff's declaration must contain a clear and distinct averment of the facts which constitute the cause of action, and set them out with that degree of certainty of which the nature of the matter pleaded reasonably admits, in order that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court that is to give judgment.

A declaration for an injury to an employee charged to have resulted from dullness of circular saw teeth, irregularity in the set of the teeth, and failure to instruct, is bad for duplicity; each breach of duty being properly the subject of a separate count.

The rule that pleadings must not be double means that the declaration must not, in support of a single demand, allege several distinct matters, by any one of which that demand is sufficiently supported.

On exceptions by defendant. Sustained.

Action on the case to recover damages for personal injuries sustained by the plaintiff and caused by the alleged negligence of

the defendant.  A special demurrer to the declaration was filed by the defendant, the demurrer was overruled and the defendant excepted.

The case is stated in the opinion.

*McGillicuddy & Morey*, for plaintiff.

*Oakes, Pulsifer & Ludden*, for defendant. ·

SITTING :  EMERY, C. J., WHITEHOUSE, SPEAR, KING, BIRD, JJ.

WHITEHOUSE, J.  This was an action on the case to recover damages for an injury suffered by the plaintiff while operating a circular saw in the defendant's shoe factory for the purpose of cutting and splitting boards and shooks into narrow strips.

It is alleged in the declaration that the "saw was operated in the regular and customary way by an experienced person by fastening a board with a straight edge along the side of the saw as a sort of guage and at a distance from it equal to the strips to be cut;" that it was "dangerous to press the board against the revolving saw the last eight or ten inches to be cut for the reason that there was spots or places in the boards where the wood was harder than other places and when the revolving saw reached these hard places there was the liability that the board being cut would be thrown up from the saw table with great force and suddenness and that practically the same result would follow if the board used as a guage was not properly fastened ; and the same result would also follow if the saw had not been properly sharpened and was dull so that the set of the teeth of the saw were out of order so as to cause the board being cut to bind against the saw blade."

The alleged failure of duty on the part of the defendant is thus set forth in the declaration :  "The plaintiff says that at the time he was set to work upon said saw by said defendant as herein stated said saw was dull and had not been sharpened for a long period of time, although the same had been in use, and that the set of the teeth of said saw was irregular and out of order so that there was great tendency and liability that the boards being cut and split thereon would bind against the sides of said saw blade and be

thrown upward as above described, all which was also well known by the defendant but not known by the plaintiff. And the plaintiff says that when he was set to work upon said circular saw as aforesaid he had no knowledge or experience whatever in running or operating the same, all which was well known to the said defendants, and that the said defendant nevertheless gave to the plaintiff no instructions as to how to run and operate said saw and gave him no warning, or information as to the dangers, risks and hazards incident to running and operating the same, to the great carelessness and negligence of said defendant; that the plaintiff in obedience to the orders and directions of said defendant, through its agent, undertook to run and operate said saw to cut and split certain box boards thereon into strips about one inch in width as above stated, that he fastened a straight edge board for a guage near the side of the saw blade and adjusted the same the best he knew how, that he attempted to split a strip off a certain board with said saw as ordered by the defendant, and while he was pressing said board against said revolving circular saw with his hands as hereinbefore stated and when said saw reached a place in said board a few inches from the end thereof next the plaintiff, suddenly and with great force said board was thrown or jumped upwards from the saw table because of the conditions hereinbefore set forth, which then and there existed, and the plaintiff's left hand was thereby with great force and violence thrown upon said revolving saw; and the plaintiff avers that at the time of receiving said injuries he was himself in the exercise of due care and that said injuries were in no way caused by any fault or negligence on his part, but solely because of the negligence of said defendant; and the plaintiff further avers that at the time he was set to work upon said saw by the defendant, through its agent, he was a person without experience in running and operating said saw or any circular saw of any kind and that he was given no instructions or information as to how to run said saw nor was he in any way informed of the dangers incident to the running and operating of said saw and he did not know the same."

To this declaration a special demurrer was filed and overruled and the case comes to the Law Court upon exceptions to that ruling. The causes for the demurrer alleged are as follows :

"1. That plaintiff does not allege wherein the defendant was negligent and thereby caused the injury described in his declaration.

2. That plaintiff does not allege any causal connection between any negligence averred and injury received.

3. That the plaintiff alleging two distinct conditions which he claims might cause the accident, namely that the saw described in the declaration was dull, and that the set of the teeth was irregular and out of order, does not allege which condition actually caused the accident, or that the accident was not caused by his own act described in his declaration in fastening a straight edged board for a guage near the saw blade.

4. That said declaration is double."

It is the opinion of the court that the objection of duplicity in the plaintiff's declaration, raised by the demurrer must be sustained. Under the established rules of pleading the plaintiff's declaration must contain a clear and distinct averment of the facts which constitute the cause of action, and set them out with that degree of certainty of which the nature of the matter pleaded reasonably admits, in order that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations and by the court that is to give judgment. 1 Chitty on Pl. 256 ; *Dean* v. *Ayers*, 67 Maine, 488-9. As said by the court in *Addison* v. *Railway Co.*, 48 Mich. 155, "a declaration for a railway injury is demurrable if it does not so state the cause of action that the defendant could, with reasonable certainty, ascertain in what respect it is charged with negligence, or if it does not count specifically upon some particular duty and breach thereof, as causing the injury. It is not enough to refer to matters in an uncertain, doubtful and ambiguous manner, as a kind of general drag to meet whatever evidence may be presented." According to the common law rule the plaintiff cannot sustain a single demand by proof of "two or more distinct grounds or matters each of which independently of the other, amounts to a good cause

of action in respect of such demand. 1 Chitty on Pl. 249. The meaning of the rule that pleadings must not be double is that "the declaration must not in support of a single demand, allege several distinct matters, by any one of which that demand is sufficiently supported." Stephen on Pl., page 251. Rule 1. *Boardman* v. *Creighton*, 93 Maine, 17. In *McGraw* v. *Paper Co.*, 97 Maine, 343, the court said: "There may be cases of a complicated machine where it may not be practicable or even possible to allege with certainty the identical defect causing the injury; but even in such cases it may be stated in sufficiently specific terms to indicate to the defendant the charge he is called upon to meet,— or the difficulty may be obviated by several counts with such variations as circumstances may require."

In *Laporte* v. *Cook*, 20 R. I. 261, an action on the case for negligence, the declaration was held bad for duplicity because it set up "several distinct and independent breaches of duty, viz. (1) neglect to furnish proper safeguards for the protection of the plaintiff; (2) neglect to give him suitable instructions, and (3) neglect to provide proper persons to take charge of the work." Each of these allegations, the court said, should be made the subject of a separate count if the plaintiff desired to rely upon it.

In the case at bar it has been seen that the plaintiff's declaration consisting of a single count, sets out three distinct and separate breaches of duty on the part of the defendant, any one of which, if proved, would have been sufficient to support a verdict for the plaintiff. It alleges that the "board was thrown or jumped upwards from the saw table because of the conditions hereinbefore set forth;" and the conditions which had been "hereinbefore set forth  .  .  . to the great carelessness and negligence of the defendant" were, (1) dullness of the saw teeth; (2) irregularity in the set of the saw teeth, and (3) failure of the defendant to give the plaintiff necessary instructions how to operate the saw. Each of these three breaches of duty thus alleged might require a specific and distinct answer, and different evidence to meet it. Each if proven by the plaintiff might constitute a complete cause of action. Each of them should

therefore be made the subject of a separate count if the plaintiff intends to rely upon it.    The case of *People's National Bank* v. *Nickerson*, 106 Maine, 502, is clearly distinguishable.

The certificate must therefore be,

<div align="right">

*Exceptions sustained.*
*Demurrer sustained.*