ORRIN COLFER *vs.* FRANK E. BEST.

Kennebec.    Opinion May 31, 1913.

*Appreciate the Danger. Assumption. Contributory Negligence. Exceptions. Instructions. Negligence. Nonsuit. Stipulations. Questions for the Jury.*

1. It is the duty of the master to instruct the inexperienced servant of dangers of the employment which he did not know and appreciate, or which he cannot reasonably be held to have known and appreciated.

2. But to throw this responsibility upon the master, it must also appear that the master knew, or ought to have known, that the servant was inexperienced and thus inexcusably ignorant of the danger, and that the act of the servant which exposed him to danger was reasonably likely to be expected by the master.

3. The question of negligence of the defendant, the questions relating to the assumption of risk and contributory negligence of the plaintiff should have been submitted to the jury.

On exceptions by the plaintiff to ruling of the presiding Justice ordering a nonsuit. Exceptions sustained and in accordance with

VOL. CX 30

the agreement of the parties, judgment must be rendered for the plaintiff in the sum of six hundred dollars and costs.

This is an action on the case in which the plaintiff seeks to recover damages for injuries sustained by reason of the negligence of the defendant. The plaintiff, while assisting in operating a portable sawing machine for the defendant, was injured by his hand coming in contact with the saw. Plea, the general issue.

At the conclusion of the testimony introduced, by the plaintiff the presiding Justice ordered a nonsuit, to which order the plaintiff excepted. The following agreement was made by the parties, viz., "If plaintiff's exceptions are sustained, the Law Court to render final judgment for the plaintiff in the sum of six hundred dollars ($600.00) and costs. The defendant to pay one-half of expense of transcribing and printing testimony. Testimony to be filed May 1, 1912 and case to be argued in Portland."

The case is stated in the opinion.

*Benedict F. Maher,* for plaintiff.

*Heath & Andrews, and Thos. Leigh,* for defendant.

SITTING: SAVAGE, C. J., KING, BIRD, HANSON, JJ.

BIRD, J. The exceptions in this case were taken to the ruling of the presiding Justice ordering a nonsuit at the close of the evidence for the plaintiff.

The injury to plaintiff is alleged to be due to the negligence of the defendant in failing to warn plaintiff, who was without experience, of the dangers of the machinery which caused the injury. The nonsuit must have been ordered either for want of testimony to establish the negligence of defendant, or the want of due care on part of plaintiff or because plaintiff assumed the risk or upon two or all of these grounds.

It is the duty of the master to instruct the inexperienced servant of dangers of the employment which he did not know and appreciate or which he cannot reasonably be held to have known and appreciated. But to throw this responsibility upon the master, it must appear that the master knew or ought to have known that the

servant was inexperienced and thus excusably ignorant of the danger, and that the act of the servant which exposed him to the danger was reasonably likely to be expected by the master: *Hull* v. *Hull,* 78 Maine, 114, 117-8; *Campbell* v. *Eveleth,* 83 Maine, 50, 54; *Wyman* v. *Berry,* 106 Maine, 43-47; *Bartley* v. *Boston, etc. Ry.,* 198 Mass., 163; *Grace* v. *United etc. Society,* 203 Mass., 355, 364; *Daynes* v. *Quinn,* 204 Mass., 306, 309; *Reardon* v. *Byrne,* 195 Mass., 146, 149, 150; *Louisville & N. R. Co.* v. *Miller,* 104 Fed., 124, 125, 126; *Felton* v. *Girardy,* 104 Fed., 127, 130; *Gaudet* v. *Stansfield,* 182 Mass., 451, 454.

Is the evidence offered by the plaintiff, assuming it, as we must, to be true, insufficient to authorize a verdict in his behalf or, if a verdict upon such evidence had been rendered for plaintiff, would it be the duty of this court to set it aside? Upon the evidence the jury would have been warranted in finding that the plaintiff was inexperienced and that defendant either knew it or ought to have known it. Whether upon the evidence the plaintiff knew and appreciated or ought to have known and appreciated the danger, exposure to which caused the injury, is a question upon which, we think, fair minded men might reasonably differ. The plaintiff states that he did not know the table was movable. Considering his position beside the saw and his evidence upon cross-examination, it may be difficult to believe his statement but it is not inherently impossible as was the case in *Blumenthal* v. *B. & M. R. R.,* 97 Maine, 255, 261, 262. But if he knew, while engaged in taking away the wood and having no duty to perform respecting the table, he may have failed to appreciate the danger which would be experienced when suddenly and for the first time called upon to push the machine forward. It may well be, the plaintiff's knowledge of the operation of the machine was only of that general and indefinite character which might be derived from the casual observation of a laborer, who was not charged with any special duty in regard to it, and that he did not comprehend the perils incident to pressure upon the table. *Drapeau* v. *Paper Co.,* 96 Maine, 299, 304. See also *Bowen* v. *Mfg. Co.,* 105 Maine, 31, 34; *Sawyer* v. *Paper Co.,* 90 Maine, 354, 362; *Wright* v. *Stanley,* 119 Fed., 330, 332. Did the defendant know or ought he to have known that plaintiff might, in obeying the order to push the

machine, push upon the table in such way as to encounter peril and consequent injury? Here again men of fairness of mind might differ. Assume it found that the plaintiff was inexperienced and that defendant knew or ought to have known it; plaintiff had been at work taking away for ten minutes; he had no duty to perform as regards the table; when the order to push was given, he was standing behind the table. Would the ordinarily prudent man anticipate or foresee that the servant might so push the table as to come in contact with the saw? We think the question of negligence of the defendant should have been submitted to the jury. *Brooks* v. *Libby*, 89 Maine, 151, 152-3.

The questions relating to assumption of risk by plaintiff and his contributory negligence are so correlated evidentially to that of the negligence of defendant, in such a case as the present, that separate and independent discussion of them is unnecessary. Under the circumstances they were equally for the jury. See *Heffernan* v. *Fall River Iron Works Co.,* 197 Mass., 28, 31-2; *Wright* v. *Stanley,* 119 Fed., 330, 333; see also *Jensen* v. *Kyer,* 101 Maine, 106.

The exceptions are sustained and, in accordance with the agreement of the parties, judgment must be rendered for the plaintiff in the sum of six hundred dollars and costs.