PRISCILLA OUELETTE *vs.* REBECCA MILLER ET AL.

Kennebec.        Opinion, February 5, 1936.

*Robert A. Cony*, for plaintiff.
*Andrews, Nelson & Gardiner*, for defendant.

164

Sitting: Dunn, C. J., Sturgis, Barnes, Thaxter, Hudson, Manser, JJ.

Manser, J.    On exceptions by defendant to the overruling of a general demurrer to the declaration in the plaintiff's writ.

The plaintiff received personal injuries from a fall on the sidewalk in front of premises owned by one of the defendants and occupied by the other.

The first count in the declaration is concededly bad and it is unnecessary to consider it.

The second count sets forth: "That the plaintiff was on the second day of January, A. D. 1935, a pedestrian on the sidewalk on the westerly side of Water Street in said Augusta, which said sidewalk abutted on property and premises owned by the said defendant, Rebecca Miller, and occupied by the said defendant, Charles S. Wong, and which said sidewalk was required by virtue of the ordinances of the said City of Augusta to be kept clear of ice and snow by the said defendants, and the plaintiff says that the said sidewalk was then and there not free of ice and snow but was icy and slippery; and that the said defendants by their negligence and failure to comply with the said ordinance and in disobedience to the ordinance aforesaid, negligently omitted to perform their duty in that respect, owed to the plaintiff, and the said plaintiff, then and there in the exercise of due and proper care, had the right to expect and did expect the defendants to keep the said sidewalk free from ice as was hereinbefore described; and the plaintiff says that she slipped and fell and suffered a broken arm and other grievous bodily injuries . . . all of which is because of the negligence of the said defendants in not caring for the ice and snow on said sidewalk as required by law and in their negligence in the performance of their duty owed to the plaintiff, to the damage," etc.

At common law private individuals are not liable for injuries to others occasioned by natural causes. Snow may fall and rain descend and thereby hazardous conditions be created upon our streets and highways, but the traveler who sustains an accident solely by reason thereof has no cause of action against the owner of land which may happen to abut the locus of the accident. *Greenlaw* v.

*Milliken,* 100 Me., 440, 62 A., 145; *Kirby* v. *Boylston Market Association,* 80 Mass., 249.

Our statutes make it the duty of public authority to keep highways safe and convenient for travelers, and when blocked and encumbered with snow, to render them passable. R. S., Chap. 27, Secs. 65 and 72. Under certain restrictions and limitations, whoever suffers bodily or property damage through any defect or want of repair in a highway may have an action against the county or town obliged by law to repair the same. R. S., Chap. 27, Sec. 94.

Since 1879 the statute has provided that "No town is liable to an action for damages to any person on foot, on account of snow or ice, on any sidewalk or cross-walk, nor on account of the slippery condition of any sidewalk or cross-walk." R. S., Chap. 27, Sec. 97.

While municipalities are thus exempted from liability under such conditions, their obligation to remove accumulations of snow and ice still remains.

By R. S., Chap. 5, Sec. 136, VI, towns, cities and village corporations may make by-laws or ordinances, not inconsistent with law, and enforce them by suitable penalties, providing for the removal of snow and ice from sidewalks to such extent as they deem expedient. Non-compliance with such ordinance results in a penalty exacted by the municipalities.

The declaration alleges the existence of such an ordinance in Augusta. Its provisions are not set forth. Unlike public statutes, they are not a matter of judicial notice. *Neallus* v. *Amusement Co.,* 126 Me., 469, 139 A., 671.

Dillon: *Mun. Corp.,* 5th Ed., Vol. II, Sec. 630, says: "No implied power to pass by-laws, and no express grant of the power, can authorize a by-law which conflicts with the statutes of the State, or with the general principles of the common law adopted or in force in the State."

Yet it is evident that the declaration under consideration undertakes to set up that failure to comply with a by-law of the City of Augusta to remove snow and ice from the sidewalk created a cause of action in favor of travelers injured thereby which did not exist by statute or common law.

In *Kirby* v. *Boylston Market Association,* supra, the Court clearly states the principles applicable to such a situation, as follows: "The defendants, as owners and occupants of the land and building abutting upon Boylston Street, are not responsible to individuals for injuries resulting to them from defects and want of repair in the sidewalk, or by means of snow and ice accumulated by natural causes thereon, although, by ordinances of the city, it is made the duty of abutters, under prescribed penalties, to keep the sidewalks adjoining their estates in good repair, and seasonably to remove all snow and ice therefrom. Such ordinances are valid, and the work which is enforced upon them relieves, to the extent of its cost or value, the city from charges which otherwise it would be necessarily, in discharge of its municipal duties, subjected to."

Again, in *Dahlin* v. *Walsh,* 192 Mass., 163, 77 N. E., 830, the Court said: "Certainly he (the defendant) owed no duty to the plaintiff to keep the sidewalk clear of ice and snow coming thereon from natural causes, or to guard against the risk of accident by scattering ashes or using other like precautions, whether or not any public duty was imposed upon him by the ordinances of the city."

Conceding the legal principles above noted, and that the plaintiff has no cause of action against the defendants for natural accumulations of snow and ice or for failure to comply with the provisions of the ordinance, whatever they may have been, the plaintiff, however, contends that the declaration is broad enough to admit evidence and proof thereunder of *artificial* accumulations created by the *negligent* act of the defendants, and relies upon the concluding clause, "All of which is because of the negligence of the said defendants in not caring for the ice and snow on said sidewalk as required by law and in their negligence in performance of their duty owed to the plaintiff."

The well-established applicable principles of pleading have been concisely stated in *Chickering* v. *Power Company,* 118 Me., 414, 108 A., 460: "Actionable negligence arises from neglect to perform a legal duty. . . . By direct averment a pleader must *at least state facts* from which the law will raise a duty, and show an omission of the duty, with injury in consequence thereof. . . . Reasonable cer-

tainty in the statement of essential facts is required to the end that defendant may be informed as to what he is called upon to meet on the trial. Facts showing a legal duty, and the neglect thereof on the part of the defendant, and a resulting injury to the plaintiff, should be alleged."

The Court in *Boardman* v. *Creighton*, 93 Me., 17, at 24, 44 A., 121, 123, quotes the requisites of a good declaration in an action for negligence, as follows: "It ought to *state the facts* upon which the supposed duty is founded, and the duty to the plaintiff, with the breach of which the defendant is charged. It is not enough to show that the defendant has been guilty of negligence, without showing *in what respect* he was negligent, and how he became bound to use care to prevent injury to others."

Also, citing with approval the opinion of *Kennedy* v. *Morgan*, 57 Vt., 46, the Court in the same case says: "If the pleader merely alleges the duty in his declaration, he states a conclusion of law, whereas the elementary rule is that the *facts* from which the duty springs must be spread upon the record so that the court can see that the duty is made out."

Again, "The principal rule as to the mode of stating the facts is, that they should be set forth with certainty; by which term is signified a clear and distinct statement of the facts which constitute the cause of action."

Applying these principles to the case at bar, we find the only allegation of fact constituting liability is that the defendants failed to remove snow and ice from their sidewalk, in disobedience to an ordinance requiring such removal.

After setting forth the physical injury sustained, the plaintiff concluded the identical paragraph of the declaration in which the facts are alleged, with the summation that "*all of which* is because of the negligence of the said defendants in not caring for the ice and snow on said sidewalk as required by law and in their negligence in the performance of their duty owed to the plaintiff."

Finding that failure to remove snow and ice and violation of the ordinance concerning such removal do not constitute a cause of action, the plaintiff is forced to contend that she is entitled to a cause of action evidently not contemplated at the time the suit was

brought, and that she can introduce under such a declaration evidence of facts showing that the accumulation of snow and ice was collected artificially through the negligence of the defendants, and the duty owed the plaintiff was not because of the requirement of the ordinance, but arose from a common law obligation.

The essential facts necessary to create a common law liability are not affirmatively stated. They must be. *Bean* v. *Ayers*, 67 Me., 482.

The case of *Brown* v. *Rhoades*, 126 Me., 186, 137 A., 58, is relied upon by the plaintiff. The declaration in that case was held to be good. It did present facts sufficient to justify a recovery, which is in accordance with the rule there laid down. In this case the declaration does not. It negatives any inference of common law liability. The last clause therein is a mere statement of legal conclusion. It can not be set apart from insufficient allegations of fact, to which by express reference it applies. The ruling below must be reversed.

*Exceptions sustained.*