EDWARD KNOWLES

*vs.*

LOUIS WOLMAN.

Kennebec.　Opinion, October 28, 1944.

*Jerome G. Daviau,* for the plaintiff.

*F. Harold Dubord,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MUR-CHIE, CHAPMAN, JJ.

CHAPMAN, J. This case comes before the court on exceptions by the defendant to the overruling of a general demurrer to the declaration, filed by the defendant. The demurrer raised the issue as to the sufficiency of the plaintiff's claim as stated in his declaration. To meet the burden imposed upon him to inform the defendant of the facts upon which he relies to establish liability for the injuries alleged, a plaintiff must set out a situation sufficient in law to establish a duty of the defendant toward the plaintiff and that the act complained of was a violation of that duty. 45 *Corpus Juris*, 1056, 1058; *Chickering* v. *Power Co.*, 118 Me., 414, 417, 108 A., 460.

The plaintiff's claim as to the liability of the defendant toward him is contained in the following allegations:

" . . . the Plaintiff was working at a metal cutting machine on the premises of the Defendant in Waterville, County of Kennebec and State of Maine and was about to insert a large and heavy piece of metal into the jaws of the machine aforesaid, and this the Defendant knew of and it then and there became the duty of said Defendant to exercise great caution and care and not to startle and frighten the Plaintiff while he, the Plaintiff was working at the aforesaid dangerous machine, but notwithstanding his said duty, the Defendant negligently did call the Plaintiff by yelling and shouting loudly which so startled and frightened the Plaintiff and through no negligence of his own, he, the Plaintiff, dropped a large and heavy piece of metal, aforesaid, onto his foot and severely crushed and broke and bruised his foot and became sick, sore and lame . . . ."

The duty resting upon the defendant toward the plaintiff depended upon the relationship existing between them. It is alleged that the plaintiff was upon the premises of the defendant and, in the operation of a dangerous machine, was about to insert a heavy piece of metal into the machine. Nothing is stated as to whether he was rightfully or wrongfully upon the premises. The allegation is silent as to whether he was operating the machine in accordance with, or against the will of the owner. He might be invitee, licensee, employee or trespasser. The duty owed him would vary according to his status in these respects. The allegation, so uncertain, doubtful and ambiguous, is insufficient as a statement of plaintiff's claim. *Sessions* v. *Foster*, 123 Me., 466, 468, 123 A., 898; *Estabrook* v. *Webber Motor Co.*, 137 Me., 20, 26, 15 A.; 2d 25, 129 A. L. R., 1268. For all that appears in the declaration, the call to the plaintiff may have been for the purpose of warning him of a danger or it may have been the call to a trespasser· who was meddling with dangerous machinery, with the purpose of either avoiding injury to the meddler or to the machinery.

The evidence offered in *Gifford* v. *Morey*, 123 Me., 437, 123 A., 520, was somewhat similar to the facts declared upon in the present case. The plaintiff who was the employee of the defendant, while engaged in his work, was spoken to by the defendant. The plaintiff turned toward the defendant and was struck from behind by a heavy log. Plaintiff claimed that the defendant was negligent in so speaking to him and that this act was the proximate cause of his injury. There was no evidence as to what was said by the defendant. In commenting upon the question of sufficiency of the evidence offered, Chief Justice·Cornish said:

"Reduced to its simplest form the negligence on the part of the defendant of which the plaintiff complains,

is that while he, the plaintiff, was standing and facing the load of logs, the defendant spoke to him. Surely it requires something more than this to charge an employer with actionable negligence. A situation might possibly be conceived where certain instructions given by an employer to an employee under certain circumstances might be regarded as an act of negligence. But here nothing is proven as to the words spoken. They may have been words of caution uttered with the distinct purpose of enabling the employee to avoid peril. The case fails to disclose the fact and we are left to doubt and surmise, a substructure too frail to sustain a cause of action."

The declaration in the instant case was insufficient in its statement of the plaintiff's claim. The entry must be

*Exceptions sustained.*