ELIAS S. GIFFORD *vs.* CHARLES E. MOREY.

Androscoggin.    Opinion February 26, 1924.

*Mere speaking by an employer to an employee, when it does not appear what was said, is not sufficient to sustain an action of negligence against the employer. Doubt and surmise are too frail a substructure to sustain a cause of action.*

In this case a nonsuit was properly ordered.    The negligent act alleged is simply that the defendant spoke to the plaintiff.    What was said may have been a warning or caution that the plaintiff might avoid peril.

On exceptions.    An action for negligence to recover damages for personal injuries sustained by plaintiff while in the employment of defendant.    The plaintiff while in the employment of the defendant as manager of his large farm, was looking over the premises in company with the defendant, and came upon a four-horse team upon

which other workmen were loading heavy logs. The plaintiff observing that the workmen loading the logs required assistance ran to help them. Some of the men left the team to cut some longer skids. The plaintiff stood facing the load. The defendant spoke to him. What was said by defendant to plaintiff does not appear. Plaintiff turned toward defendant to speak to him and as he did so a large log slid back on the skids striking his left leg and fracturing it. At the conclusion of the plaintiff's evidence counsel for defendant filed a motion for a nonsuit which was granted by the presiding Justice and plaintiff excepted. Exceptions overruled.

The case is fully stated in the opinion.

*Frank A. Morey,* for plaintiff.

*Tascus Atwood,* for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J. Exceptions by plaintiff to order of nonsuit in a common law action of tort for personal injuries.

The question of the application of the Workmen's Compensation Act, Public Laws, 1919, Chapter 238, has been discussed by counsel but in our view of the case this becomes immaterial.

The defendant at the time of the accident resided in Lewiston and owned a large and costly farm situated partly in Poland and partly in Oxford. The plaintiff was his general manager. On January 9, 1922, the defendant who was visiting the place for a week, in company with the plaintiff, was looking over some of the work that was going on. They first visited the pond where men were cutting ice for the farm and then walked about a quarter of a mile through the woods to the place where a crew was cutting timber to be used in the construction of a barn, and came upon one of the four-horse teams upon which the men were loading some heavy logs. They were having some difficulty and the plaintiff seized a peavy and ran to help them. What followed may best be told in the plaintiff's own language, and it is upon this, and this alone, that the plaintiff rests his claim. "Some of the men decided there would have to be longer skids cut to make a less grade. . . . . They left it and went to cut those skids. The team was like where you are. This big tree was right down across here. Mr. Charles Morey was standing right

here back of me. I was standing this way facing the load. Mr. Morey spoke to me. I cannot recall the request he made at the time. I turned that way to speak to him. As I did the large tree slid back on those skids and broke my leg, both bones, here."

Reduced to its simplest form the negligence on the part of the defendant of which the plaintiff complains, is that while he, the plaintiff, was standing and facing the load of logs, the defendant spoke to him. Surely it requires something more than this to charge an employer with actionable negligence. A situation might possibly be conceived where certain instructions given by an employer to an employee under certain circumstances might be regarded as an act of negligence. But here nothing is proven as to the words spoken. They may have been words of caution uttered with the distinct purpose of enabling the employee to avoid peril. The case fails to disclose the fact and we are left to doubt and surmise, a substructure too frail to sustain a cause of action. This is all there is to this case and the entry must be,

*Exceptions overruled.*