RYAN v. WATSON, Sheriff, &c.

A surrender of the principal debtor, to the officer holding the writ of execution against him, is a discharge of the bail-bond.

A special demurrer to a plea because it is double and argumentative, is fatally defective unless it state particularly wherein these defects consist.

This was an action of the case against the late sheriff of this county for the neglect of one of his deputies in not delivering over to the plaintiff, upon demand, the bail-bond by him taken in a suit in favour of the present plaintiff,—and in not returning the bond to the clerk's office within a year from the rendition of the final judgment.

There were divers pleas in bar of the action ;—the substance of which was—that within a year from the rendition of the judgment, and before the bail-bond was demanded, the original debtor—1—surrendered himself,—2—was surrendered by his bail—to the defendant, who had in his hands the writ of execution which was issued on the judgment ; and that the defendant was ready to have committed him ; but was directed by the creditor's attorney not to commit him, but to suffer him to depart.

To these pleas the plaintiff demurred, assigning for cause— 1st, that the defendant had not alleged that the debtor was ever *taken in execution* in discharge of his bail,—2d, nor that his bail had him in custody, ready to be delivered up, *at all times within a year* from the rendition of final judgment,—nor that he was *surrendered in open Court* before judgment ;—and 3d, that the pleas were " double, argumentative, uncertain," &c.

*Wilson*, in support of the demurrer. The sheriff is not discharged by any thing set forth in the pleas, unless the same matter would be a good defence in an action against the bail. But a surrender of the principal *to the sheriff* is not sufficient to discharge the bail, unless the debtor be taken in execution. *Walker v. Haskell*, 11 *Mass.* 181. *Stevens v. Bigelow*, 12 *Mass.* 434. The obligation on the bail that the debtor shall be found at all times within the year, results from a consideration of the statute and the bond, taken together ; for the whole subject be-

ing regulated by the statute; its provisions must be regarded as forming a part of the contract of bail in all cases. The plea therefore is bad, unless it shew that *at all times* within the year the debtor might be found and arrested. The creditor has a right to his lien on the body during that period, that he may choose his own time for making the arrest, with reference to the greatest probability of the debtor's redeeming himself by payment of the debt;—and if at *any time* within the year he is not to be found, the bond is forfeit. That may have been the propitious moment to secure the debt by an arrest. *Cæsar v. Bradford*, 13 *Mass.* 169. *Simmons v. Bradford*, 15 *Mass.* 82. 4 *Bac. Abr.* 464.

*Crosby*, for defendant. The bail bond became a nullity by the surrender of the debtor. The condition was that he should abide the final judgment, and should not avoid. This he has performed, by surrendering himself to the sheriff, who had the writ of execution against him. It was enough if he was ready to be taken ; for this was giving to the creditor the whole benefit of the pledge. *Champion v. Noyes*, 2 *Mass.* 481. The provisions of the statute for a surrender in open Court after *scire facias* brought, are merely for the *further relief* of the bail ; but do not affect the principle that a surrender *in pais* is a discharge at common law. 3 *Bl. Com.* 290. *Rice v. Carnes*, 8 *Mass.* 490.

MELLEN C. J. delivered the opinion of the Court as follows :

It seems to have been conceded in argument, that if the facts in this case, would furnish a good defence in a suit against the bail, they will be a good bar to *this* action ; because, if the bail were in law completely discharged, *before* the bail bond was even demanded of *Waters*, then, as it was a dead letter, it was of no value and could be of no use to the plaintiff; and therefore its non-delivery could not be any possible injury to him. In the case of *Champion v. Noyes*, 2 *Mass.* 481.—a leading case on the subject of bail—*Parsons*, *C. J.* says,—" After the " writ is returned, and before final judgment, the bail may sur" render the principal to the court in which the suit is pending, " and be discharged." By the provisions of our statute respecting bail 1821, *ch.* 62. the bail at any time before judgment is en-

tered against them on the *scire facias* may surrender the principal *in Court*, paying the costs of the *scire facias*. In the case above cited the Chief Justice further states,—" If after issuing " the execution, and before the return, the bail surrender the " principal to the *sheriff holding the execution*, the bond is saved " at law, and the sheriff is obliged to commit him in execution." In *Rice v. Carnes*, 8 *Mass.* 490. the Court in delivering their opinion say, " If *execution* is sued out, the bail *may surrender the* " *principal to the officer having charge of it ;* or he may wait the " return of the *scire facias*, and *then* make the surrender in " Court." In both the foregoing cases, the Court speak of the three several modes of discharge as equally effectual. The case of *Walker v. Haskell*, 11 *Mass.* 181. has been cited and relied on by the plaintiff's counsel as opposing the principles of *Champion v. Noyes* and *Rice v. Carnes.* We have not been able to draw the same conclusions from it which the counsel has drawn. The only point settled is, that the creditor's assurance to the officer holding his execution against his debtor, that he would take no advantage of him, if he would do the best he could, was a good defence to an action brought by the creditor against the officer for not arresting the debtor. There certainly is some obscurity in the case as it stands ; for though it appears that the bail had surrendered the principal to *Walker*, the officer holding the execution against *Glidden*, yet the Chief Justice, in reasoning upon the facts, seems to proceed on the idea that the bail continued liable. It may perhaps be explained by the circumstance, that though the fact of the surrender to *Walker* was contained, among a vast many others, in the bill of exceptions, yet the exceptions were taken to *certain directions of the Judge to the jury*, not one of which had any relation to the surrender or the legal effect of it ; and, of course *that subject* was not judicially brought before the Court. The only question to which their attention seems to have been directed was, whether the plaintiff could charge the officer with official neglect, and recover damages against him, after the liberal discretion he had allowed him and the assurance he had given him ; and these facts would have been equally important to *Walker* in such an action, whether the bail had been discharged or not. At any rate, we do not consider this last case as weakening the author-

Ryan *v.* Watson, Sheriff, &c.

ity of the two former; and accordingly are satisfied that the facts stated in the pleas in bar, if correctly pleaded, furnish a good defence. As to the *causes* of demurrer, we would observe, that the view we have taken of this case, shews the *first* cause to be of no importance. The *second* seems to be of the same character, if truly assigned; of which there is much question, because the *second* plea states that the *bail of the original debtor delivered up* and *surrendered him* to the said *Watson;* which averment certainly contains an affirmation of his being in the custody of the bail at the time of so delivering him up; and as we are of opinion that a surrender of the principal to the sheriff holding the execution is a discharge of the bail, he need not be ready at all times after, within the year to surrender him. The *third* cause is not well assigned. The first and second pleas *confess the demand of the bail bond as alleged* (and *this* and the non-delivery of it constituted the gist of the plaintiff's action) and then *avoids* the demand made upon him by disclosing certain new facts anterior to such demand and refusal. The special demurrer is also fatally defective in not *pointing out minutely wherein the pleas are double and argumentative,* if they are so. On the whole we are satisfied that the action cannot be maintained.

*Pleas in bar adjudged sufficient.*