## Scott & al. vs. Whipple & als.

Where the plaintiff covenanted to build a certain mill-dam within three months, (unavoidable accidents excepted,) in a workmanlike manner; and the defendant pleaded in bar that the plaintiff did not, within three months, in a workmanlike manner, build the dam;—the plea, on demurrer, was held ill, both for duplicity, and for not alleging that the plaintiff was not prevented by unavoidable accidents. The latter objection may be taken on general demurrer.

This was an action of covenant on an indenture of five parts, in which the plaintiff covenanted "within the space of three months, (unavoidable accidents excepted,) next ensuing the date" of the indenture, "in a good, substantial and workmanlike manner" to build

a certain mill-dam for the defendants.   The defendants after *oyer*, pleaded, among other things, in bar of the action, " that the plaintiffs did not, within three months from the date of said writing, in a good, substantial and workmanlike manner, erect, build and finish said mill-dam, according to the true intent and meaning of the said covenants and agreements of them the said plaintiffs ; and this," &c.   To which the plaintiffs demurred specially, for duplicity.

The demurrer was briefly spoken to by *Greenleaf* for the plaintiffs, and *Fessenden* for the defendants ; after which the opinion of the Court was delivered by

Mellen C. J.   The plea in bar in this case puts in issue two distinct and independent facts ; and if either should, on an issue to the country, have been found for the defendants; it would have been a bar to the action.   When such a plea is specially demurred to, as in the present case, for the duplicity, it must be adjudged bad ; for if the plea may put in issue two such facts, it might also a compliance with all the terms and particulars of the contract, as to the form and position of the mill-dam, and the materials of which it was to be composed.   See *Archbold's Dig.* 191 ; 5 *Bac. Abr. Pleading K.* 1 ; *Co. Lit.* 303 *a.* ; *Hob.* 295 ; *Plowd. Com.* 140 ; 10 *Johns.* 400.

But there is another objection to the plea which is good on general demurrer.   It does not contain an averment that the alleged nonperformance of the contract on the part of the plaintiffs was not prevented by unavoidable accidents.   That exception constitutes a part of the contract ; and it should have been expressly negatived in the plea.   This principle was distinctly recognized in 4 *Campb.* 20. In that case the plaintiff declared on a general covenant to repair ; and the covenant offered in evidence contained an exception in case of fire ; and Lord *Ellenborough* held the variance essential, and excluded the evidence.

*Plea adjudged insufficient.*