JOHN J. McGRAW *vs.* GREAT NORTHERN PAPER CO.

Androscoggin.    Opinion February 28, 1903.

*Pleading.    Declaration.    Special Demurrer.    Negligence.    Machinery.    Barker.*

In a declaration to recover for injuries claimed to have been received by
plaintiff in defendant's pulp-mill, while operating a machine called a
barker, an allegation, " that said barker was then and there defective and
dangerous, and was out of repair, so that the operation of said barker was
then and there attended with great dangers and hazards," is too general
and indefinite.

Where the injury complained of is charged to the falling of " the attach-
ment" of the barker, the declaration should contain some allegation that
the attachment was defective, or to show that falling was not its normal
action.

Exceptions by defendant.    Sustained.

Case brought by plaintiff to recover damages for an injury suffered
by him while employed in defendant's pulp-mill at Madison, on or
about September 13, 1901.    At the return term of the writ defend-
ant filed a special demurrer which was joined, but no hearing was
then had thereon.    At a succeeding term of the court at nisi prius,
the demurrer was heard by the presiding justice and overruled; and
defendant then noted an exception.    In overruling the demurrer
the presiding justice gave notice that, if requested, he should require
the plaintiff to file a specification of what acts or omissions or condi-
tions he relied upon as showing the defendant to be negligent.
Subsequently the plaintiff filed a specification.    The defendant, how-
ever, insisted upon its exceptions, and seasonably presented the same
which were allowed and filed.

Plaintiff's declaration was as follows: —

"In a plea of the case, for that the said defendant corporation on
the 13th day of September, 1901, and for a long time prior thereto
was the owner and operator of a certain mill in said Madison, used
for the manufacture of pulp and that in said mill at said time the
said defendant corporation owned and operated certain machines and

machinery with their appurtenances and appliances run by water power, and particularly a certain machine called a barker which was used by said defendant for the purpose of peeling or shaving bark from certain sticks of wood, and the plaintiff avers that on the 13th day of September, 1901, and for a long time prior thereto he was an employee and servant of said corporation for wages and hire, and on said 13th day of September he was set to work by said defendant upon said barker to use and operate same in the shaving of bark as above described, and the plaintiff avers that he was then inexperienced in the use and working of said barker and that said barker was then and there defective and dangerous, and was out of repair, so that the operation of said barker was then and there attended with great dangers and hazards, all of which were well known to said defendant and was not known to said plaintiff, and the plaintiff further avers that he was set to work on said barker then and there by said defendant without any instructions as to how to operate said barker and without any warning or information as to the dangers and risks attending the operation of said barker and without any instructions, information or warning as to the defective condition of said barker and as to its being out of repair, and the plaintiff further avers that while he was there operating said barker and while in the exercise of due care and without fault on his part, the attachment on said barker suddenly fell and caught the right hand and arm of the said plaintiff and drew the same with great force and violence into certain revolving knives in said barker, thereby lacerating, cutting and mutilating the said plaintiff's hand, so that the hand and part of the said plaintiff's arm had to be amputated, whereby the plaintiff has suffered great pain and has been permanently injured in the loss of his hand and arm and has been put to great expense for medicine and medical treatment, whereby an action hath accrued to the plaintiff to have and recover from said defendant his damages in this behalf sustained, to the damage of the said plaintiff (as he says), the sum of ten thousand dollars."

Plaintiff's motion to amend was as follows:—

"And now comes the plaintiff in the above entitled action and asks leave to amend the declaration in his writ by adding after the word

"barker" in the thirty-first line of said declaration the following words, to wit: 'by reason of its defective condition and want of repair.'"

·Defendant's special demurrer was as follows:—

"And now the defendant comes and defends and demurs to the plaintiff's declaration and says that said declaration is not sufficient in law, and for special cause of demurrer says:

That said declaration is insufficient for the following reasons:

Because the plaintiff does not allege what duty the defendant was under to the plaintiff or that it was under any duty.

Because the plaintiff does not allege wherein the machine of which he complains was defective, or out of repair, or wherein it was dangerous, or whether its danger was because of its defective condition.

Because the plaintiff does not allege wherein the defendant was negligent.

Because the plaintiff does not allege wherein the machine called a barker was dangerous or attended with great danger, or whether in perfect condition said machine was so dangerous.

Because the plaintiff does not allege that the injury to him was because of any negligence of the defendant.

Wherefore the defendant prays judgment and for its costs.

*D. J. McGillicuddy and F. A. Morey,* for plaintiff.

*C. E. and A. S. Littlefield,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

STROUT, J. This is an action on the case for an injury suffered by plaintiff while in defendant's employ. A special demurrer to the declaration was filed and overruled, and the case is here upon exceptions to that ruling.

The declaration alleged that plaintiff was set to work upon a machine called a barker, and the defendant is charged with negligence in "that said barker was then and there defective and dangerous, and was out of repair, so that the operation of said barker was then and there attended with great dangers and hazards."

It is objected that this allegation is too general, and fails to point out the defect in the machine, which caused the injury. · We think the objection is well taken. There is no specification of any particular defect in the barker, nor of any special danger in its operation. It is alleged that while the plaintiff was operating it, "the attachment on said barker suddenly fell and caught the right hand and arm" of plaintiff, and inflicted the injury complained of. There is no allegation that this attachment was in any manner defective, nor that such falling was not its normal and intended action.· For aught that is alleged, the attachment may have been in perfect order, and its fall may not have been the result of any fault in the barker, or the barker may have been defective in some particular, which did not cause or contribute to the fall of the attachment. The declaration fails to apprise the defendant of the particular fault complained of, or the specific negligence which resulted in the injury.

Good pleading requires in such case a definite statement of the particular defect, so far as it may be practicable to state it, which caused the injury, to the end that the defendant may know what claim he is to meet, and to which the evidence is to be directed. There may be cases of a complicated machine, where it may not be practicable or even possible to allege with certainty the identical defect causing the injury, but even in such case it may be stated in sufficiently specific terms to indicate to the defendant the charge he is called upon to meet,—or the difficulty may be obviated by several counts, with such variations as circumstances may require.

In this case the injury is charged to the falling of the attachment, and not to anything else, but it is not alleged that the attachment was in any manner defective. There certainly could be no difficulty in alleging, if true, in what respect this attachment was defective and out of repair, or whether it fell as the result of any imperfection in the barker itself. The declaration should state the facts, the actual condition of the machine and attachment, and from these facts the jury are to determine whether it was defective or not. The allegation here is too general and indefinite to comply with legal requirements. *Boardman* v. *Creighton*, 93 Maine, 23.

The exceptions are to the overruling the demurrer. Consequently

the specifications subsequently filed, or the amended declaration offered, but not allowed, cannot be considered.

> *Exceptions sustained; demurrer sustained; declaration adjudged bad.*