ANNIE F. ALDRICH *vs.* FRANK L. BOOTHBY, et al.

Cumberland. Opinion December 30, 1915.

*Cutting Machine.     Damages.     Defective Machine.     Special Demurrer.*

*Trespass on the Case.*

An action of trespass on the case for the recovery of damages for an injury suffered by plaintiff while in employment of the defendants, while at work in the operation of a machine known as a cutting machine.

*Held:*

Where the declaration in such case alleges that the machine when necessarily stopped by plaintiff suddenly started, causing an injury, an allegation "that the starting of the machine was through no fault  or negligence on her part, but wholly on account of certain defects in the lever and attachments connected thereto used in starting and stopping said machine" is too general and indefinite.

On exceptions by plaintiff. Exceptions overruled. Demurrer sustained.

This is an action on the case to recover for personal injuries sustained by plaintiff while employed by defendants in operating a cutting machine. The defendant filed a special demurrer to the plain-

tiff's declaration and the presiding Justice sustained the demurrer. To this ruling, the plaintiff excepted.

*Hinckley & Hinckley,* for plaintiff.

*William Lyons,* for defendants.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HANSON, PHILBROOK, JJ.

BIRD, J.   This is an action of trespass on the case for the recovery of damages for an injury suffered by plaintiff while in the employment of defendants.   The latter filed a special demurrer to the declaration and the ruling of the court sustaining the demurrer is before us upon the exceptions of plaintiff.

The declaration alleged that while the plaintiff was at work in the operation of a machine, commonly known as a cutting machine, "it became necessary for her to stop the machine in order to remove certain materials which had become clogged in said machine; that she shut down said machine and started to remove said material; that while so engaged in removing said material and without fault on her part, the machine suddenly and without warning, started, catching her hand therein and seriously injuring the same; that the starting of the machine was through no fault or negligence on her part, but wholly on account of certain defects in the lever and attachments connected thereto used in starting and stopping said machine;—"

Among the many special grounds of demurrer is this:—

"Because the plaintiff does not allege how or in what respect the lever and attachments connected thereto in starting and stopping said machine were defective, dangerous and out of repair."

The objection appears to be well taken.   It is uncertain whether the defects are in the lever or in its attachments or in all or, if not in all and in the attachments, in which of the attachments, nor is the nature or character of the defect alleged.   Good pleading requires in such case a definite statement of the particular defect, so far as may be practicable to state it, which caused the injury. *McGraw* v. *Paper Co.,* (Strout, J.) 97 Maine, 343, 346.   The machine in question cannot be so complicated as to render it impos-

sible or impracticable to allege the particular defect. At the trial of the cause, the particular defect, as a general rule, to which we hold this case no exception, must be shown, and the sources of information thereof must be as available before suit brought as at the trial.

Nor do we think the existence of defects in the lever and attachments to be well pleaded. Their existence is not definitely stated nor alleged, but is to be collected by inference or argument only.

It is not believed necessary to consider the other grounds of demurrer. For the reasons above given the entry must be

*Exceptions overruled.*
*Demurrer sustained.*