RALPH B. JELLERSON

*vs.*

BOARD OF POLICE OF THE CITY OF BIDDEFORD (No. 647).

OSCAR G. PARENT

*vs.*

BOARD OF POLICE OF THE CITY OF BIDDEFORD (No. 648).

York.     Opinion, October 10, 1936.

*Armstrong & Spill,* for petitioners.
*Louis B. Lausier,*
*William P. Donahue,* for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

HUDSON, J.    Petitions for issue of writs of *certiorari*.

Both actions involve identical questions of law. In each the respondents filed a special demurrer, to the overruling of which exceptions were taken. They are not presented prematurely. *Tripp* v. *Park Street Motor Corporation*, 122 Me., 59, 118 A., 793.

Of the twenty-two causes relied upon by the respondents, the sixth is the first of merit. It is that the petitioners failed to set forth in or to annex to their petitions a copy "of the proceedings wherein alleged errors of law and unlawful acts on the part of the Board of Police appear."

> "*Certiorari* is a writ issued by a superior court to an inferior one commanding it to certify up its record of some proceeding, not according to the course of the common law, that it may be seen and determined whether there is any error therein for which the record should be quashed. The error must appear in the record of the inferior court." *Inh. of Nobleboro, Petitioners* v. *County Commissioners of Lincoln County*, 68 Me., 548, 551.

> "The usual function of a writ of *certiorari* is to enable a party without remedy by appeal, exception or other mode of correcting errors of law committed against his rights, to bring the true record of an inferior tribunal, whose proceedings are judicial or quasi-judicial in nature, properly extended, so as to show the principles of the decision, before a superior court for examination as to material mistakes of law apparent on such record. Only errors of law can be reviewed." *Mayor of Medford* v. *Judge of First District Court of Eastern Middlesex*, 249 Mass., 465, 468, 144 N. E., 397.

> "An inspection of the record alone must determine the sufficiency of the proceedings." *Stevens* v. *County Commissioners*, 97 Me., 121, 123, 53 A., 985, 986.

*Certiorari* does not bring up for review the evidence, decisions and rulings but only the record of the proceedings and orders which are in the nature of a record. *Pike* v. *Herriman*, 39 Me., 52. It "May be adjudged of, and acted upon by the examination of a copy, as well as of the original." *Dyer* v. *Lowell*, 33 Me., 260, 262. Only such errors or defects as appear on its face as brought up

can be considered; *Ross* v. *Ellsworth, et al.,* 49 Me., 417; and "when the writ issues the Court can act only on the record as produced. No evidence aliunde is receivable." *Lord, et als.* v. *County Commissioners for Cumberland County,* 105 Me., 556, 561, 75 A., 126, 128, and cases cited.

On the petitioner is the burden to establish irregularities and errors in the record. He must lay the foundation for such proof by proper and sufficient allegation in his petition. This requires that it contain, either by inclusion or annexation, a copy of the record sought to be quashed; or, if the petitioner can not include or annex it, he should allege his reasons for his inability so to do, as, for instance, demand upon the tribunal for access to the record and refusal. The fact that the respondent in *certiorari* must certify the record does not relieve the petitioner when possible from setting it forth in or annexing it to his petition. This Court has heretofore stated that in ". . . petitions for the writ of *certiorari,* a copy of the record sought to be quashed should be annexed. . . ." *Hewett* v. *County Commissioners,* 85 Me., 308, 27 A., 179.

The seventh cause also has merit, that the petitioner did not aver that his "alleged causes of error" were "errors which appear on the records of the Board of Police." In *Emery, et al.* v. *Brann, et als.,* 67 Me., 39, on page 44, it is said:

"But it is not alleged in the petition that the irregularities and errors specified appear by the record of the Justices, which they seek to have quashed. The petition should contain such an allegation."

The necessity therefor is apparent. In *certiorari* the issue involves the legal sufficiency of the record. Consequently, failure of allegation in the petition that the alleged irregularities and errors appear in the record is fatal. In *Emery, et al.* v. *Brann, et als.,* supra, although there were no such allegation, the Court considered the case for the reason that "the respondent appeared and answered, and presented a copy of the record of the proceedings of the Justices, duly certified," which was made a part of the case. In the instant cases, consideration now has only to do with the situation presented by demurrers prior to the presentation of any record by the respondents. As to the necessity of such an allegation,

*Emery* v. *Brann*, supra, is affirmed in *Stevens* v. *County Commissioners*, supra.

Passing, then, to the next cause or causes that have merit, we group the ninth, tenth, eleventh and twelfth, it being therein objected that the petitioners failed "to set forth that the matter of suspension was not incidental to the exercise of the power of removal of the petitioner."

The effect of *certiorari* being to quash the proceedings of a tribunal or officers acting in a judicial or quasi-judicial capacity, it is essential that the inducing petition should clearly, definitely and completely assign and set forth the claims of irregularity and error that appear in the record. The allegations in the petition must be sufficient to show that the record is necessarily erroneous. So here it was necessary for the petitioners to deny by proper allegation the right of this tribunal to suspend incident to its power of removal. As indicating such necessity may be cited *Inhabitants. of Sumner* v. *County Commissioners of Oxford*, 37 Me., 112. It was held that a petition for *certiorari*, in which the alleged error was for want of notice to a party, should state not only that the party did not receive the notice prescribed by law but that he had no sufficient notice and that he suffered inconvenience for want of it. The tribunal's avenues for escape from error should be blocked by proper and sufficient allegation in the petition.

Next we consider together causes fourteenth and sixteenth, the former being that an allegation in the petition that "said charges were in fact frivolous and without merit" and the latter "that the petitioner did not in fact receive a fair and impartial hearing" were insufficient without statement of the facts revealing the asserted frivolity, lack of merit and impartiality of hearing. We think this point is well taken. An early case is precedent for so holding. *Inhabitants of Minot* v. *Cumberland County Commissioners*, 28 Me., 121. In that it was alleged that the County Commissioners in making their report "were actuated by motives of gross partiality for the petitioner" but the Court, inasmuch as the particulars constituting the "gross partiality" were not annexed, held that it was not required to pass upon that issue. The general allegation was too uncertain and indefinite to require consideration.

While the sustaining of certain causes in a special demurrer is

equivalent to overruling all others assigned therein (*Cosmopolitan Trust Company* v. *Cohen*, 244 Mass., 128, 130, 131, 138 N. E., 711), we may say that careful consideration discloses no merit in the causes we have not discussed in this opinion. The entry must be,

*Exceptions in both cases sustained.*