JUNE E. ESTABROOK *vs.* WEBBER MOTOR CO.

CURTIS G. ESTABROOK *vs.* WEBBER MOTOR CO.

Penobscot.     Opinion, August 1, 1939.

*Stern & Stern,* for plaintiff.
*James M. Gillin,*
*Myer W. Epstein,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.   There are before us here two cases. The first is brought by June E. Estabrook to recover for personal injuries alleged to have been caused by the defendant's negligence, the second by Curtis G. Estabrook, her husband, to recover for his own personal injuries and for expenses in caring for his wife and for the loss of her consortium. The declarations in the two cases in so far as they relate to the defendant's negligence are the same. A special demurrer was filed to each declaration which was sustained, and in each case the plaintiff filed exceptions.

The pertinent allegations on the issue of negligence are that the defendant on the eighteenth of May, 1932, was the authorized distributor of Ford automobiles at Bangor and as such distributed, sold and serviced Ford cars ; that the defendant owed to the public and to the plaintiffs the duty to use due and reasonable care in such selling, distribution and servicing, and particularly so as to insure the reasonable suitability of the automobiles for the use intended so that defective automobiles should not be sold or distributed to the public as fit to buy, drive and ride in ; that on the day aforesaid the defendant sold and delivered to the plaintiff, Curtis G. Estabrook, a new Ford automobile; that the said defendant negligently sold and serviced said automobile and caused and permitted it to have certain latent defects in the steering gear and in other respects so that, while said automobile on the thirteenth day of October, 1932, was being lawfully, carefully and properly driven by the plaintiff, June E. Estabrook, with her husband therein, and while both were in the exercise of due care, by reason of said latent defects it suddenly became unmanageable and left the road, turned over, and caused injuries to the plaintiffs. A second count in each case contains nothing but a general allegation of negligence.

The defendant in its special demurrers sets forth more than twenty objections. Only one need be considered — that the plaintiff does not allege specifically any defects in the steering gear for which the defendant was responsible.

The ruling of the presiding Justice in sustaining the demurrers is in accord with the cases of *Aldrich* v. *Boothby,* 114 Me., 318, 96 A., 227, and *McGraw* v. *Great Northern Paper Co.,* 97 Me., 343, 54 A., 762. These cases hold that it is not sufficient to allege merely that a machine which causes injury is defective ; and in accordance

with those decisions, in the present case the particular fault should have been set out in order that it may be determined whether it is one for which the vendor of the article is liable. This automobile was bought in May; the accident took place in October. Many things might have occurred in that interval to render the machine unsafe for which the vendor would be in no way responsible. Before being required to answer, the defendant was entitled to a definite statement of wherein it was at fault. To be so informed is not a technical requirement but a fundamental right.

Such a declaration as is here before us has in this jurisdiction invariably been held bad when attention has been called to its insufficiency by a special demurrer. Cases cited by the plaintiff which involve an application of the doctrine of *res ipsa loquitur, Shea* v. *Hern*, 132 Me., 361, 171 A., 248, or the relationship between a common carrier and a passenger, *Hebert* v. *Portland Railroad Company*, 103 Me., 315, 69 A., 266, are well-recognized exceptions to the general rule.

*Exceptions overruled.*