MARGARET HUGHES

*vs.*

SINGER SEWING MACHINE CO.

Cumberland.   Opinion, July 30, 1953.

*Udell Bramson,* for plaintiff.

*Berman, Berman and Wernick,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, JJ. MURRAY, A. R. J.

WILLIAMSON, J.   Exceptions by the plaintiff to the sustaining of defendant's special demurrer must be sustained. The ruling by the presiding Justice in the Superior Court was based upon the third ground of the demurrer which reads:

"(3)   That the Plaintiff's declaration sets forth damages which are not recoverable under any of the allegations contained therein."

The declaration follows:

"In a plea of the case for that the said defendant corporation, by and through its agents and ser-

vants, at Portland, on the thirtieth day of August, 1951, wilfully, maliciously and wantonly took and carried away the goods and chattels of the plaintiff, to wit: one sewing machine, of the value of one hundred (100) dollars, and also maliciously, wilfully and wantonly caused the plaintiff to suffer mentally and physically by the fright occasioned by the defendant corporation by and through its agents and servants while committing the trespass. And the plaintiff further avers that her reputation for honesty in paying her bills, her credit standing in the community, and the plaintiff's general reputation in the community was damaged. The plaintiff further avers that, as a result, she suffered humiliation, indignity and insult. The plaintiff further avers that, in addition to compensatory damages, she is entitled to punitive and exemplary damages because of the trespasses complained of, as above set forth were malicious, wilfull and wanton, to the damage to the plaintiff as she says, $3,000.00"

The third ground of the demurrer, which is the only ground we need consider, does not, it is to be noted, point out in detail what damages set forth in the declaration are not recoverable. *Jellerson* v. *Police of Biddeford,* 134 Me. 443, 447, 187 A. 713. The defendant has done no more than say that of four types of damage, one or more are not recoverable.

In argument the defendant does not object to damages for the value of the sewing machine or punitive damages. The error urged is that the plaintiff seeks to recover for damage from fright and to her reputation. From the demurrer, however, it is impossible to tell which one or more of the claims for damage the third ground of the special demurrer is intended to reach.

A special demurrer must be technically sufficient. The specific defect relied upon must be pointed out, not in argument as here, but in the special demurrer. It is too late to present the objections for the first time in argument either

in Superior Court or the Law Court. In *Ryan* v. *Watson, Sheriff, &c,* 2 Me. 382, at page 385, the court said: "The special demurrer is also fatally defective in not *pointing out minutely wherein the pleas are double and argumentative,* if they are so." *Neal* v. *Hanson,* 60. Me. 84; *Glidden* v. *Bath Iron Works,* 143 Me. 24, 54 A. (2nd) 528; *Reynolds et al.* v. *Hinman Co.,* 145 Me. 343, and cases cited on page 345, 75 A. (2nd) 802; 41 Am. Jur. 451, Pleading, Sec. 226; 71 C. J. S. 421, Pleading, Sec. 212.

The defendant gains nothing from the principle that a special demurrer includes a general demurrer. *Glidden* v. *Bath Iron Works, supra; Scott* v. *Whipple,* 6 Me. 425; *State of Maine* v. *Peck,* 60 Me. 498; 71 C. J. S. 421, Pleading, Sec. 212.

A general demurrer is bad if any part of the declaration sets forth a good cause of action. *Blanchard* v. *Hoxie,* 34 Me. 376; *Martin's Notes on Pleading,* 6 Me. Law Review, 107, 173 (1913). The addition of an improper element of damage will not destroy a declaration otherwise sufficient. 15 Am. Jur. 752, Damages, Sec. 310; 41 Am. Jur. 446, Pleading, Sec. 219; 25 C. J. S. 750, Damages, Sec. 130; 71 C. J. S. 463, Pleading, Sec. 235. See also *Herrick* v. *Publishing Co.,* 120 Me. 138, 113 A. 16, 23 A. L. R. 358, in which a general demurrer was sustained to a declaration under which the only type of damage sought could not be recovered and hence no cause of action was thereby stated. Thus, whether the demurrer here is to be treated as a special demurrer reaching only specific defects or as a general demurrer found within a special demurrer, the issues sought to be raised by the pleadings neither were properly before the presiding justice nor are they before us on exceptions.

The objections of the defendant should be ruled upon in the course of trial. By the lack of particularity in the demurrer, the defendant has lost only its right to the judgment of the Law Court before trial. It retains the oppor-

tunity to raise the issues after trial by exceptions to rulings below in the event of an adverse result; for examples, see *Goddard* v. *Grand Trunk Railway,* 57 Me. 202, 2 Am. Rep. 39, and *Wyman* v. *Leavitt,* 71 Me. 227, 36 Am. Rep. 303.

*Exceptions sustained.*

*Demurrer overruled.*