JOSEPH E. McCARTHY
*vs.*
BERNICE E. McKECHNIE

Androscoggin.    Opinion, May 8, 1957.

*Berman & Berman,* for plaintiff.

*Robinson, Richardson & Leddy,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, JJ. DUBORD, J., did not sit.

TAPLEY, J.   On exceptions.   This is an action of tort. The plaintiff is the husband of one Gloria McCarthy who

was a passenger in a taxicab which was in collision with the defendant's vehicle. The action on the part of the husband is for the purpose of recovering his consequential damages. The writ was returnable to the June Term, 1956 of the Superior Court within and for the County of Androscoggin. The defendant seasonably filed a special demurrer attacking the plaintiff's declaration. The demurrer was joined and, after hearing, the presiding justice sustained it. Plaintiff took exceptions to the ruling of the presiding justice in sustaining the demurrer.

The declaration is set out in the bill of exceptions in its entirety and that part germane to the issue is in the following language: "that he lost the benefit of the services and earnings of his said wife."

The special demurrer as filed by the defendant states in its pertinent portion:

> " 'And now the said defendant comes, etc., and says that the plaintiff's declaration is insufficient in law, and shows to the Court the following causes of demurrer to the said declaration, to wit:
>
> For that in and by said declaration, said plaintiff has declared against the defendant in a plea of the case seeking consequential damages as a result of alleged injuries sustained by his wife, and alleges that he has lost the benefit of the earnings of his said wife.
>
> And also for that the said declaration is in other respects uncertain, informal and insufficient.
>
> WHEREFORE, the defendant prays judgment and for her costs.' "

Defendant's contention, as raised by the demurrer, is that the husband's claim for lost benefits of his wife's earnings is not an element of damage for which he could recover.

It is well settled that a demurrer reaches only those matters which are apparent on the face of the pleading de-

murred to. *State* v. *McNally*, 145 Me. 254. Our area of consideration is confined to the pleadings.

The defendant by her special demurrer raises the basic question of the legal right of a husband to claim and receive as consequential damages the benefit of the wife's earnings.

A part of Chap. 166, R. S. 1954 is devoted to legislation affecting the rights of married persons, and in this chapter will be found statutory provisions enlarging the rights of married women in the ownership and control of their separate property. Sec. 37 of this Chap. 166 uses the following language:

> "LABOR NOT DONE FOR MARRIED WOMAN'S FAMILY. -- A married woman may receive the wages of her personal labor not performed for her own family, maintain an action therefor in her own name and hold them in her own right against her husband or any other person."

The wording of this section contains no ambiguities, is couched in simple language and is easy of interpretation. It very plainly says that for personal labor not performed for her family a wife may receive wages; that if the necessity requires, she may maintain an action for them in her own name and that upon acquiring the wages she may keep them *against her husband* or any other person. There is nowhere to be found in this statute, by exact wording or by implication, that there is any legal right of the husband to share, control or in any other manner participate in the benefit of wages received by the wife for her personal labor. This section of the statute removes a common law disability of a married woman by giving her a separate property in wages earned by her. In the case of *Stratton, et al.* v. *Bailey, et al.,* 80 Me. 345, on page 348, the court said:

> "This as a matter of business, was outside of family duties, the income of which would belong to the

wife, as much as that from a millinery or grocery store."

See *Haggett* v. *Hurley*, 91 Me. 542.

The case of *Etta M. Marr and Ellsworth C. Marr* v. *John S. Hicks*, 136 Me. 33, is most enlightening. These were tort actions by husband and wife against a common defendant. They grew out of a motor vehicle accident. Mr. Marr was the driver of one car and with him as a passenger was his wife, Etta. Mrs. Marr recovered a verdict for her pain and suffering and for loss of wages for her personal labor as an employee in a shoe shop. The court said on page 34, in speaking of Mrs. Marr's claim for loss of wages for her personal labor:

> "The latter element of damage is alleged in her declaration, and her right to recover therefor, if entitled to damages at all, is not disputed. R. S., Chap. 74, Sec. 3."

The husband, Mr. Marr, alleged as matters of damage the damage to his automobile, the loss of the services and consortium of his wife and her expenses but not his wife's loss of wages. This case, in effect, approves the legal right of a married woman to wages earned by her personal labor when not performed for her own family. In the instant case we have the reverse situation where the present plaintiff is claiming a legal right to his wife's wages.

Counsel for the plaintiff in his brief argues that Sec. 37 of Chap. 166, R. S. 1954 does not establish an absolute bar to a recovery by a husband for his wife's wages. He says in spite of the statute, if a wife works outside of her home under an arrangement with her husband whereby her earnings are to be used by the husband for the family benefit, then he is entitled to the benefit of her wages. There is authority to the effect that while a married woman may claim her wages earned outside of her family relationship (Chap. 166, Sec. 37, R. S. 1954), she may also waive her

right to them and, by virtue of this waiver, they would become the property of the husband under his common law right. *Garland, Applt.,* 126 Me. 84; 41 C. J. S.—Husband and Wife—Sec. 258.

The defendant by her special demurrer contends that the allegation of the wife's wages as an element of damage to the husband is insufficient in law.

The plaintiff argues that defendant's demurrer is technically insufficient in that it fails to point out the specific defect. The special demurrer sets out that the plaintiff's declaration is insufficient in law and states it is insufficient because the plaintiff alleges, in seeking consequential damages, "that he has lost the benefit of the earnings of his wife." We have determined that a wife by statute, under certain prescribed circumstances, may have her earnings as her separate property; that she also may waive this statutory provision so that the right to her earnings will rest in the husband. The defendant in order to present a good and valid special demurrer must specifically point out wherein plaintiff's allegation of consequential damage is defective. This she has failed to do. She has said that the declaration is insufficient in law because plaintiff has pleaded "that he has lost the benefit of the earnings of his wife." Counsel for defendant has argued in his brief that the husband isn't entitled to recover for the wife's earnings and "it is this - - - element that we picked up and set forth in our special demurrer." The defendant fails to allege in detail the reason why the husband is not entitled to the wife's earnings. This becomes most important in view of the fact that under some circumstances the husband does have a right to the wife's earnings. *Ryan* v. *Watson,* 2 Me. 382, at page 385:

> "The special demurrer is also fatally defective in not *pointing out minutely wherein the pleas are double and argumentative,* if they are so."

*Neal* v. *Hanson*, 60 Me. 84; *Aldrich* v. *Boothby, et al.*, 114 Me. 318; *Boardman* v. *Creighton, et al.*, 93 Me. 17; *Reynolds et al.* v. *Hinman Co.*, 145 Me. 343; *Hughes* v. *Singer Sewing Machine Co.*, 149 Me. 110.

The special demurrer must fail because of its technical insufficiency.

*Exceptions  sustained.*